IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

WALLACE RIVERS, #106 459,    )
                                      )
     Petitioner,            )
                                      )
      v.                 ) CIVIL ACTION NO.: 1:12-CV-702-TMH
                                      )             [WO]
TONY PATTERSON, WARDEN,   )
*et al.*,                       )
                                      )
    Respondents.        )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner, Wallace Rivers ["Rivers"], is currently confined at the Holman Correctional Facility in Atmore, Alabama. He filed the instant application for habeas relief under the provisions of 28 U.S.C. § 2241. The court, however, finds the petition is more appropriately filed under the provisions of 28 U.S.C. § 2254 with respect to Petitioner's challenge to the state court's decision to deny his motion for reconsideration of sentence.[1] A review of Petitioner's application reflects that he is currently serving a sentence of life without the possibility of parole after a jury before the Circuit Court for Houston County, Alabama, convicted him of murder in December of 1980. (*Doc. No. 1*.)

_____

[1] Under 28 U.S.C. § 2241, a federal court is authorized to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Section 2254 is more specific and confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). *See Medberry v. Crosby,* 351 F.3d 1049, 1063 (11th Cir.2003) (holding that § 2241 and § 2254 apply to petitions for habeas corpus filed as § 2241 petitions where the petitioner is "in custody pursuant to the judgment of a state court.").

The court has undertaken a preliminary review of the instant petition.  Upon review

of the petition, the court concludes that it is due to be dismissed.[2]  *See generally* Rule 4,

*Rules Governing Section 2254 Cases in the United States District Courts.*


## I. DISCUSSION

In this petition, Petitioner seeks to challenge the state court's denial of his motion for

reconsideration of sentence under *Ala. Code* § 13A-5-9.1  He maintains that he meets the

criteria for a sentence reduction under the stated statute because he was convicted and

sentenced under the mandatory provisions of § 13A-5-9 to life without parole, he does not

have any prior Class A felonies, and he is a non-violent offender.  Petitioner further asserts

that the Circuit Court for Houston County has granted sentence reductions to other  inmates

with murder convictions and, therefore, he has been treated differently than other similarly

---

[2]To the extent the instant petition may be considered a successive attempt by Petitioner  at
challenging the merits of his 1980 conviction, the petition may not proceed.  On July 14, 1986 this court
denied and dismissed on the merits Petitioner's application for habeas corpus relief in which he
challenged his 1980 murder conviction.  *See Rivers v. Johnson*, Civil Action No. 1:85-CV-1021-MHT
(M.D. Ala. 1986).  In 1993 Petitioner filed another habeas corpus application which this court denied as
successive under Rule 9(b), F.R.Civ.P.  *See Rivers v. Jones*, Civil Action No. 1:93-CV-1187-WHA (M.D.
Ala. 1995). Petitioner filed a third habeas corpus application with this court on December 15, 2005 which
was also dismissed as a successive petition.  *See Rivers v. Culliver*, Civil Action No. 1:05-CV-1194-
MHT (M.D. Ala. 2006). Petitioner filed a  fourth habeas corpus application on January 4, 2007 which
was likewise dismissed as a successive petition.  *See Rivers v. Culliver*, Civil Action No. 1:07-CV-894-
MEF (M.D. Ala. 2007). The court dismissed as successive Petitioner's fifth habeas corpus application
filed on June 5, 2009.  *See Rivers v. Culliver, et al.*, Civil Action No. 1:09-CV-524-ID (M.D. Ala. 2009).
Without an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court
to consider a successive application for habeas relief filed by Petitioner, the court may not consider a
petition for habeas relief in which he seeks to challenge the merits of his 1980 conviction.  *See* 28 U.S.C.
§ 2244(b)(3)(A),  (B), and (C); *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th
Cir. 2001).

situated inmates in violation of his right to equal protection.  (*Doc. No. 1*.)

Petitioner maintains he qualifies for a sentence reduction under the amendments to

§ 13A-5-9, and, therefore, the trial court improperly denied his motion for reconsideration

of sentence filed pursuant to § 13A-5-9.1. According to Petitioner, he should not be

considered a violent offender.  Petitioner further argues that the prior convictions on which

the trial court relied to sentence him occurred in 1971 (robbery and intent to rob) when

Alabama law did not classify offenses by degree and, therefore, they do not have a felony

designation.

> The Alabama legislature subsequently amended § 13A-5-9, such that trial
> judges were granted authority to retroactively consider early parole sentences
> for non-violent, convicted offenders based on evaluations performed by the
> Alabama Department of Corrections ("DOC") and approved by the Board of
> Pardons, provided that such offenders had no prior Class A felony convictions.
> The Alabama Supreme Court recently held in *Kirby v. State,* 899 So.2d 968,
> 971-72 (Ala. 2004), that Alabama trial courts now have authority to consider
> prisoners' motions for reduction of sentence under that statute....
> ***
> Under the [amended] Alabama Habitual Felony Offender Act ("AHFOA"), in
> all cases when it is shown that a criminal defendant has been previously
> convicted of any three felonies, none of which are Class A felonies, and after
> such convictions has committed another felony, which is a Class A felony,
> such defendant must be punished by imprisonment for life or life without the
> possibility of parole, in the discretion of the trial court. Ala. Code 1975 § 13A-
> 5-9(c)(3).  In 2001, the Alabama legislation adopted a statute which provided
> as follows:
>
>> The provisions of Section 13A-5-9 [including § 13A-5-9(c)(3),
>> described above,] shall be applied retroactively by the
>> sentencing judge or presiding judge for consideration of early
>> parole of each nonviolent convicted offender based on
>> evaluations performed by the Department of Corrections and
>> approved by the Board of Pardons and Paroles and submitted to

the court.
Ala.Code 1975 § 13A-5-9.1.

       ***

[In *Kirby*], the Alabama Supreme Court held that "§ 13A-5-9.1 provides that an inmate may ask the sentencing judge or the presiding judge for relief from a previous sentence imposed pursuant to the [A]HFOA and provides that the court is to consider the evaluation of the DOC in considering the inmate's motion." *Kirby*, 899 So.2d at 971.  The court further held that § 13A-5-9 "confers jurisdiction on the sentencing judge or the presiding judge by giving that judge the power to apply the provisions of §13A-5-9 retroactively to 'nonviolent convicted offenders'."  *Id.*  Thus, state trial judges have jurisdiction to consider an Alabama prisoner's motion to reconsider his sentence and the authority under the statute to determine whether the prisoner is a nonviolent offender based on factors brought before the judge in the record of the case and information submitted by the DOC and the Parole Board.  *Id.* at 974.

*Curry v. Culliver*, 141 Fed.Appx. 832, 833-834 (11th Cir. 2005).

There are three requirements for eligibility to have a sentence reconsidered under § 13A-5-9.1:  (1) the inmate was sentenced before May 25, 2000, the date the 2000 amendment to the HFOA became effective; (2) the inmate was sentenced to life imprisonment without the possibility of parole pursuant to § 13A-5-9(c)(3) and had no prior Class A felony convictions or was sentenced to life imprisonment pursuant to § 13A-5-9(c)(2)...; and (3) the inmate is a "nonviolent convicted offender."  An inmate must satisfy all three requirements before he or she is eligible for reconsideration of sentence under § 13A-5-9.1.

*Holt v. State*, 960 So.2d 726, 734-735 (Ala.Crim.App. 2006).

The Habitual Felony Offender Act, as amended, allows a trial court, in its discretion, "to decide in certain circumstances whether a sentence of life imprisonment or life imprisonment without the possibility of parole is appropriate for a particular inmate." *Kirby*, 899 So.2d at 973.  This authority is accorded the state's trial judges by the legislature in an

effort to determine whether a sentence of life or life without parole is unduly harsh under the circumstances relevant to the eligible inmate's underlying conviction.  "If a circuit court determines that an inmate is eligible for reconsideration of his or her sentence, the court then has the authority pursuant to § 13A-5-9.1 to resentence the inmate, within the bounds of § 13A-5-9(c)(2) or § 13A-5-9(c)(3), as amended, if it so chooses.  If, on the other hand, the circuit court determines that the inmate fails to meet any or all of the eligibility requirements, then the circuit court must deny the inmate's § 13A-5-9.1 motion because a circuit court has jurisdiction to resentence only those inmates who meet [all of] the eligibility requirements of § 13A-5-9.1...."  *Holt*, 960 So.2d at 735.

In this case, Petitioner attempts to supports his claim for relief by aligning himself with the case of an inmate whose request for a sentence reduction was remanded to the trial court by the Alabama Court of Criminal Appeals. (*See Doc. No. 1 at Attachment pgs. 10-11*.) In that case, the appellate court remanded the petitioner's appeal from the trial court's denial of his request for a sentence reduction where the State conceded that the trial court's sole reason for denying the appellant's *Kirby* motion was based on its erroneous conclusion that the appellant had a prior conviction for Class A felony where it appeared that all the appellant's prior offenses occurred before January 1, 1980. (*Id*.)  Those prior convictions were from common law offenses without any felony designation or degree.  (*Id*.)

Petitioner claims in the present action that the trial court improperly denied his request for a sentence reduction because, similar to the inmate's case described above, he does not have any prior Class A felonies because the prior offenses on which the trial court relied to

sentence him as a habitual offender were from common law offenses which had no  felony

designation.     He further maintains that he also meets the criteria for a sentence reduction

under Ala. Code §13A-5-9.1 because  he is a non-violent offender and he was convicted and

sentenced under the mandatory provisions of § 13A-5-9 to life without parole. (*Doc. No. 1*.)

The court finds that Petitioner is entitled to no relief on his allegation that the trial

court denied improperly his request for a sentence reduction under § 132A-5-9.1  On appeal

from the lower court's decision to deny Petitioner's request for a sentence reduction, the

appellate court determined.:

> . . .[T]his Court has previously held that "a motion for reconsideration of
> sentence  pursuant to § 13A-5-9.1, Ala. Code 1975, is not a proceeding in
> which a substantial right of the petitioner may be affected, it is not a critical
> stage of the proceedings," Hastings v. State, 938 So. 2d 974, 975 (Ala. Crim.
> App. 2005); therefore, the circuit court did not err by denying Rivers's motion
> without first conducting an evidentiary hearing or making written findings of
> fact. See Holt v. State, 960 So. 2d 726, 738 (Ala. Crim. App. 2006).
>
> Here, Rivers was convicted of murder, which is specifically enumerated as
> violent. §§ 12-25-32 (13) (a) (2),  and 13A-11-70(2),  Ala. Code 1975; Holt,
> 960 So. 2d at 735. Based  on Rivers's underlying murder  conviction, the
> circuit court could have reasonably concluded that he is a violent offender and
> thus ineligible for reconsideration of his sentence pursuant to § 13A-5-9.1,
> Ala. Code 1975. See Kirby,  899 So. 2d at 974 (noting that "the state's trial
> judges have the authority under the statute to determine whether a defendant
> is a nonviolent offender and that those judges are competent to make that
> determination based  upon  the  nature  of  the  defendant's  underlying
> conviction"). See also Bishop v. State, 993 So. 2d 496, 498 (Ala. Crim. App.
> 2007) (affirming denial of Kirby motion and noting that a trial court's ruling
> that is correct for any reason, even one not stated, must be affirmed on appeal).
> Therefore, Rivers has not met his burden to establish that the circuit court
> abused its discretion by denying his Kirby motion. See Hastings v. State, 938
> So. 2d 974 (Ala. Crim. App. 2005).

(*Doc. No .8, Exh. RX-6; see also RX-1.*)[3]

Here, the court finds from the pleadings and records before it that Petitioner has failed

to demonstrate that the state trial court's decision to deny his request for a sentence reduction

under § 13A-5-9.1 denied any federal right to which he is entitled. *See Carrizales v.*

*Wainwright*, 699 F.2d 1053, 1055 (11th Cir.1983) ("a state's interpretation of its own laws and

rules provides no basis for federal habeas corpus relief, since no question of a constitutional

nature is involved.").  This claim is, therefore, due to be dismissed.

With regard to Petitioner's allegation that the trial court discriminated against him by

denying his request for a sentence reduction while granting other similarly situated inmates

sentence reductions, such claim likewise entitles him to no relief. In order to establish a claim

cognizable under the Equal Protection Clause, "a prisoner must [at a minimum] demonstrate

that (1) he is similarly situated to other prisoners who received more favorable treatment; and

(2) the state engaged in invidious discrimination against him based on race, religion, national

origin, or some other constitutionally protected basis. *Jones v. Ray*, 279 F.3d 944, 946-47

(11th Cir. 2001); *Damiano v. Florida Parole and Prob. Comm'n*, 785 F.2d 929, 932-33 (11th

Cir. 1986)." *Sweet v. Secretary, Dept. of Corrections*, 467 F.3d 1311, 1318-1319 (11th Cir.

2006).

[O]fficial action will not be held unconstitutional solely because it results in

---

[3]Although Petitioner included with his habeas application copies of some of the records
pertaining to his request for reconsideration of sentence, the undersigned directed the Attorney General
for the State of Alabama to provide additional state court records from Petitioner's request for review and
reconsideration of sentence filed in the Circuit Court for Houston County, Alabama, to assist the court in
its consideration of Petitioner's application for habeas relief. (*Doc. No. 6.*)  The requested records were
filed with the court on September 20, 2012. (*Doc. No. 8.*)

a ... disproportionate impact....  Proof of ... discriminatory intent or purpose is required to show a violation of the Equal Protection Clause.  Discriminatory purpose ... implies more than intent as volition or intent as awareness of consequences.  It implies that the decision maker ... selected ... a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group.

*Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991).  Evidence which merely indicates disparity of treatment or even arbitrary administration of state powers, rather than instances of purposeful or invidious discrimination, is insufficient to show discriminatory intent.  *McKleskey v. Kemp,* 481 U.S. 279, 292, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987).

Petitioner's claim of an equal protection violation regarding application of the Habitual Felony Offender Act

fails because he has not alleged, let alone established, that he was treated differently on account of some form of ***invidious discrimination*** tied to a constitutionally protected interest.  He has not even claimed that he was treated differently from others because of race, religion, or national origin [and actually concedes such is not the case].  *See Snowden v. Hughes,* 321 U.S. 1, 8, 64 S.Ct. 397, 88 L.Ed. 497 (1944) ("The unlawful administration ... of a state statute fair on its face, resulting in its unequal application to those who are entitled to be treated alike, is not a denial of equal protection unless there is shown to be present in it an element of intentional or purposeful discrimination."); *McQueary v. Blodgett,* 924 F.2d 829, 835 (9th Cir.1991) (rejecting a claim that a state prisoner's equal protection rights were violated because he received a longer sentence than some other prisoners and holding that "a mere demonstration of inequality is not enough; the Constitution does not require ***identical*** treatment.  There must be an allegation of invidiousness or illegitimacy in the statutory scheme before a cognizable claim arises:  it is a settled rule that the Fourteenth Amendment guarantees equal laws, not equal results."  (internal quotation marks omitted)); *see also Cruz v. Skelton,* 543 F.2d 86, 92-93 (5th Cir.1976) (affirming dismissal of prisoner's equal protection claim because there was no allegation of "'invidious discrimination'

based on such considerations as race, religion, national origin, or poverty").
Simply put, [Petitioner] has not established that he was treated differently from
similarly situated prisoners or that he was treated differently on account of
invidious discrimination.

*Sweet*, 467 F.3d at 1319.  Petitioner has, therefore, not been denied equal protection of the

law with respect to his claim challenging the denial of his request for  a sentence reduction

under Ala. Code § 13A-5-9.1.


## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28

U.S.C. § 2254 petition for habeas corpus relief filed by filed by  Petitioner Wallace Rivers

be DENIED and DISMISSED.

It is further

ORDERED that Petitioner may file any objections to the  Recommendation on or

before **October 16, 2012**.  Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which Petitioner objects.  Frivolous, conclusive or

general objections will not be considered by the District Court.  Petitioner is advised that this

Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein*

*v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 1st day of October 2012.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE